

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 08 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WESTERN LANDS PROJECT; et al.,<br><br>         Plaintiffs - Appellants,<br><br> v.<br><br>UNITED STATES BUREAU OF LAND MANAGEMENT and SALLY JEWELL, in her official capacity as Acting Secretary of the Department of Interior,<br><br>         Defendants - Appellees. | No. 14-56386<br><br>D.C. No. 3:13-cv-00339-JM-JMA<br>U.S. District Court for Southern California, San Diego<br><br>**MANDATE** |

      The judgment of this Court, entered September 13, 2016, takes effect this date.

      This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.

                                        FOR THE COURT:
                                        Molly C. Dwyer
                                        Clerk of Court

                                        Margoth Turcios
                                        Deputy Clerk

FILED

**NOT FOR PUBLICATION**

SEP 13 2016

**UNITED STATES COURT OF APPEALS**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| WESTERN LANDS PROJECT; DESERT PROTECTIVE COUNCIL; WESTERN WATERSHEDS PROJECT,<br><br>        Plaintiffs-Appellants,<br><br>v.<br><br>UNITED STATES BUREAU OF LAND MANAGEMENT; KEN SALAZAR, Secretary of the Interior; SALLY JEWELL,<br><br>        Defendants-Appellees. | No.   14-56386<br><br>D.C. No.<br>3:13-cv-00339-JM-JMA<br><br>**MEMORANDUM**[*] |

Appeal from the United States District Court
for the Southern District of California
Jeffrey T. Miller, District Judge, Presiding

Argued and Submitted August 29, 2016
Pasadena, California

Before: **KOZINSKI** and **BYBEE**, Circuit Judges, and **WALTER**,[**] Senior District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Donald E. Walter, United States Senior District Judge for the Western District of Louisiana, sitting by designation.

page 2

Environmental Impact Statements must "inform decisionmakers and the public of the reasonable alternatives which would avoid or minimize adverse impacts or enhance the quality of the human environment." 40 C.F.R. § 1502.1. When agencies produce such statements they must consider "every <u>reasonable</u> alternative," not "every <u>possible</u> alternative." <u>Citizens for a Better Henderson</u> v. <u>Hodel</u>, 768 F.2d 1051, 1057 (9th Cir. 1985) (emphasis added).

The Bureau of Land Management (BLM) did not unlawfully fail to consider a stand-alone alternative plan relying on "degraded" lands in its Programmatic Environmental Impact Statement and Record of Decision. "The stated goal of a project necessarily dictates the range of 'reasonable' alternatives" that an agency must consider. <u>City of Carmel-By-The-Sea</u> v. <u>U.S. Dep't of Transp.</u>, 123 F.3d 1142, 1155 (9th Cir. 1997); <u>see also</u> 40 C.F.R. § 1502.13. BLM's goal was to develop a utility-scale solar energy plan that is flexible, efficient and able to meet projected demand. In selecting land for the program at this early stage, the agency chose to balance a variety of considerations—the size of the plots, the available transmission capacity—rather than develop a complete alternative plan focused solely or predominantly on whether the land is degraded. In addition, BLM's impact statement discussed why a degraded land alternative was not developed more exhaustively, and the bureau's chosen plan does in fact favor the use of

page 3

degraded land for specific projects. Western Lands isn't entitled to consideration of its preferred plan "in the form of a full-blown alternative." Idaho Conservation League v. Mumma, 956 F.2d 1508, 1522 (9th Cir. 1992). The bureau's consideration of the alternatives was not arbitrary, capricious, an abuse of discretion or otherwise contrary to law. See 5 U.S.C. § 706(2)(A).

**AFFIRMED.**